## ALEJANDRO GOMEZ v. THE STATE.

No. 18370. Delivered May 20, 1936.

The opinion states the case.

*Sydney Smith* and *Chas. Owen,* both of El Paso, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is kidnapping; the punishment, confinement in the penitentiary for ten years.

Ignacio Faz testified, in substance, as follows: On the 26th of June, 1935, Amador Espinoza came to the home of the witness in El Paso at 3:30 a. m., and got him to haul some liquor to town. Two unknown persons stopped the witness and took the liquor. Later Espinoza came back to his house and wanted to know where the liquor was. He told him that it had been taken from him. Espinoza then said that said liquor belonged to Desiderio Ybanez. The witness then went with Espinoza to the Federal building to see if they could find the liquor, but it was not there. The following day Espinoza came to his house again and accused him of having stolen said liquor. He told him that if he did not return it Ybanez would kill him. That night about 8:30 appellant came to his home and told him that Espinoza and Ybanez were waiting outside and wanted to talk to him. He went outside and got in the car with them.

Espinoza was driving and Ybanez was sitting by him. Appellant got in the back seat of the car with the witness. He (the witness) had never seen Ybanez before. Ybanez told him he had learned that the police had the liquor. He said the captain of police wanted to see the witness before delivering the liquor to him (Ybanez). He agreed to go with them to the police station. Instead of going to the police station, said parties drove directly toward Juarez, Mexico. The witness became uneasy as the car crossed the International bridge without stopping at the customs office. He opened the door and tried to get out but Ybanez held him. He finally fell from the car. The officers arrested appellant, Ybanez and Espinoza.

Testifying in his own behalf, appellant denied that he entered into any agreement to kidnap Faz. His testimony was to the effect that Faz had received seven cases of liquor from Ybanez in Mexico for which he owed Ybanez. He went to the home of Faz at the instance of Ybanez. When Faz entered the car Ybanez told him that he owed him for seven cases of liquor. Faz replied that he owed for five cases. Ybanez then told him to go with him to his liquor house in Juarez, Mexico, and he would show him the books. Faz agreed to go. When they reached the bridge he said that he did not have a passport and got out of the car.

Appellant offered to prove by several witnesses that Faz was in Juarez, Mexico, two days prior to the alleged kidnapping. One of said witnesses would have testified that while there he saw Faz buy several cases of liquor from Ybanez at his wholesale liquor house, and saw him leave with said liquor. The court sustained the State's objection to said testimony. The opinion is expressed that it was material and revelant. In Branch's Ann. P. C., sec. 97, relevancy is defined as follows:

"Relevancy is defined to be that which conduces to the proof of a pertinent hypothesis—a pertinent hypothesis being one which, if sustained, would logically influence the issue. Hence it is relevant to put in evidence any circumstance which tends to make the proposition at issue either more or less probable."

In support of the text, McGuire v. State, 10 Texas App., 127, and Lane v. State, 164 S. W., 380, are cited.

We quote further from the same section:

"Whatever material facts are introduced that tend to affect the issue, the other side has the right to deny, contradict or explain that testimony, showing its falsity, or breaking its force and effect in any legitimate way."

In support of the text, Johnson v. State, 167 S. W., 733, and other authorities are cited.

The testimony of Faz concerning the reception and loss of the liquor tended to affect the issue in that it supported the theory of the State that appellant and his companions kidnapped him under the belief that he had stolen their liquor. If the jury had believed that said liquor had been in fact purchased by Faz from Ybanez shortly prior to the alleged kidnapping they might have reached the conclusion that appellant's testimony to the effect that Faz was voluntarily going to Juarez with them for the purpose of determining the amount he owed Ybanez was true.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the Court.